IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3120-F

| | |
|---|---|
| UREL A. BARRETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN G.J. BRANKER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Urel A. Barrett ("Barrett" or plaintiff), an inmate in the custody of the State of North Carolina proceeding *pro se*, has filed suit pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights against several employees, officers, and/or administrators at Central Prison. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [D.E. # 2, 8]. Plaintiff has also filed a motion to appoint counsel [D.E. # 3] and a "Motion for Court Order" [D.E. # 4]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Section 1915 provides that courts shall review complaints in which the plaintiff seeks to proceed *in forma pauperis* and dismiss any case that is "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); see Neitzke v. Williams, 490 U.S. 319, 328 (1989). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke, 490 U.S. at 325. Claims that are legally frivolous are "based on an indisputably meritless legal theory

and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Claims that are factually frivolous lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325. The standard used to evaluate the sufficiency of the pleading is flexible, and a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not dispense with the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atlantic Com. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-52 (2009); Nemet Chevrolet Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255-56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Plaintiff's complaint alleges that he was subjected to excessive force by two officers at Central: defendants Perry and Rand. Compl. 3-4. Specifically, plaintiff alleges that, while intervening in an altercation involving plaintiff and another inmate, Officer Perry violated policy by repeatedly and unnecessarily striking plaintiff's head, neck, and spine with his baton, causing plaintiff serious injuries. Id. at 3-4. Plaintiff also alleges that Officer Rand sprayed him with pepper spray when he was "unconscious on his stomach, not able to resist restraint." Id. at 4. The "Statement of Claim" section of the complaint does not include any allegations respecting defendants Branker, Pulley, and Bell. Plaintiff seeks "compensatory damages," "punitive damages," "mental and emotional damages," "Removal of defendants Warden G.J. Branker, Lt. R. Bell, Lt. B. Pulley and Johnny Perry of there [sic] duties with the N.C. D.O.C. for there [sic] intentional misconduct," and "Criminal Charges be brought upon defendant officer Johnny Perry for his intentional assault."

2

Id. at 4-5.

In failing to include any allegations respecting defendants Branker, Pulley, and Bell, plaintiff has failed to state a claim upon which relief could be granted as to those defendants.[1] Thus, they are due to be dismissed as parties to this suit, and any "claim" plaintiff purports to allege as to those defendants is due to be dismissed pursuant to § 1915(e)(2)(B)(ii). With respect to the remaining defendants, Officers Perry and Rand, it does not clearly appear from the face of the complaint that plaintiff is not entitled to relief. Accordingly, the court will allow the matter to proceed as to those defendants.

Plaintiff has also filed a motion to appoint counsel [D.E. # 3]. Although § 1915(e)(1) authorizes the court to "request an attorney to represent any person unable to afford counsel," there is no constitutional right to counsel in civil cases, and a court should exercise its discretion to "request" counsel for pro se civil litigants "only in exceptional" circumstances. Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); see Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant. 739 F.2d at 163 (quotation omitted). The court finds that, considering the nature of the claims presented and plaintiff's demonstrated ability to articulate his claims, the facts of this case do not present exceptional circumstances warranting the appointment of counsel at this time. Accordingly, the motion for

---

[1] To the extent plaintiff implicitly asserts that those defendants are somehow liable for the conduct of Officers Perry and Rand as their supposed supervisors, such a claim is without merit. Section 1983 liability generally may not be predicated on a theory of *respondeat superior*. See Monell v. Dept. of Soc. Serv's of City of New York, 436 U.S. 658, 691-94 (1978).

3

appointment of counsel is due to be denied.

Finally, plaintiff has filed a "Motion for Court Order" [D.E. # 4]. The motion seeks an order instructing the "North Carolina Department of Justice to release to the Clerk 'under seal' the last known address of Gerald J. Branker" so that a summons and plaintiff's complaint may be served upon him. Pl.'s Mot. 2. Because the court has determined that plaintiff has failed to state a claim upon which relief could be granted as to defendant Branker, his "Motion for Court Order" is due to be denied as moot.

For all of the foregoing reasons, it is ORDERED as follows:

a. Defendants Branker, Pulley, and Bell are hereby DISMISSED as parties to this lawsuit, and any claim by plaintiff as to those defendants his hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

b. with respect to plaintiff's claims against Defendants Perry and Rand, the Clerk of Court is DIRECTED to maintain management of the matter;

c. plaintiff's motion for appointment of counsel [D.E. # 3] is DENIED; and

d. plaintiff's "Motion for Court Order" [D.E. # 4] is DENIED as moot.

SO ORDERED. This the 11 day of October, 2012.

JAMES C. FOX
Senior United States District Judge

4